UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>           v.<br><br>LIAQUAT CHEEMA,<br>ALI CHEEMA,<br>IRFAN BAJWA,<br>SHOUKET CHUDHARY,<br>  a/k/a "Muhammad Shakoor Chudary,"<br>  a/k/a "Mohammad Shakoor Chudary," and<br>KHIZAR HAYAT,<br><br>               *Defendants.* | [Proposed] **Protective Order**<br><br>**22 Cr. 615 (LGS)**<br><br>The Clerk of the Court is directed to terminate the letter motion at docket number 52.<br><br>Dated: December 12, 2022<br>New York, New York<br><br><br>**LORNA G. SCHOFIELD**<br>**UNITED STATES DISTRICT JUDGE** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

4. Disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action;

(c) The defendants; and

(d) Such other persons as hereafter may be authorized by the Court.

5. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized from various computers, cell phones, and other devices and storage media.  Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material").  The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense.  They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

8. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.  If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

3

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: _____11/15/22_____
Timothy V. Capozzi
Assistant United States Attorney

_____          Date: _11/23/22_
Joseph R. Corozzi, Esq.
Counsel for Liaquat Cheema

_____          Date: _____
Kelly Thomas Currie, Esq.,
Counsel for Ali Cheema

_____          Date: _____
Evan L. Lipton, Esq.,
Counsel for Irfan Bajwa

_____          Date: _____
Raymond Elvis Gazer, Esq.,
Counsel for Shouket Chudhary

4

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.


AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____        Date: ____11/15/22_____
Timothy V. Capozzi
Assistant United States Attorney


_____        Date: _____
Joseph R. Corozzo, Esq.
Counsel for Liaquat Cheema


_____        Date: __11/17/2022_____
Kelly Thomas Currie, Esq.,
Counsel for Ali Cheema


_____        Date: _____
Evan L. Lipton, Esq.,
Counsel for Irfan Bajwa


_____        Date: _____
Raymond Elvis Gazer, Esq.,
Counsel for Shouket Chudhary

4

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: _____11/15/22_____
Timothy V. Capozzi
Assistant United States Attorney


_____          Date: _____
Joseph R. Corozzo, Esq.
Counsel for Liaquat Cheema


_____          Date: _____
Kelly Thomas Currie, Esq.,
Counsel for Ali Cheema


_____          Date: ____12/9/22_____
Evan L. Lipton, Esq.,
Counsel for Irfan Bajwa


_____          Date: _____
Raymond Elvis Gazer, Esq.,
Counsel for Shouket Chudhary

4

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____        Date:   ____11/15/22_____
Timothy V. Capozzi
Assistant United States Attorney


_____        Date:   _____
Joseph R. Corozzo, Esq.
Counsel for Liaquat Cheema


_____        Date:   _____
Kelly Thomas Currie, Esq.,
Counsel for Ali Cheema


_____        Date:   _____
Evan L. Lipton, Esq.,
Counsel for Irfan Bajwa


_____        Date:   _____
Raymond Elvis Gazer, Esq.,
Counsel for Shouket Chudhary

4

_____        Date: _____
Christine Delince, Esq.,
Counsel for Khizar Hayat


SO ORDERED:

Dated:  New York, New York
        November __, 2022

                        _____
                        THE HONORABLE LORNA G. SCHOFIELD
                        UNITED STATES DISTRICT JUDGE

5