UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
          :
UNITED STATES OF AMERICA
          :    CONSENT PRELIMINARY ORDER
    - v. -              OF FORFEITURE AS TO
          :    SUBSTITUTE ASSET/
LIAQUAT CHEEMA,            <u>MONEY JUDGMENT</u>
          :
        Defendant.        22 Cr. 615(LGS)
          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about November 9, 2022 LIAQUAT CHEEMA (the "Defendant"), among others, was charged in an Indictment, 22 Cr. 61(LGS) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b)&(c)(5), and 2 (Counts Two and Five); conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(h) (Count Three); and conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349 (Count Four);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code. Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(C), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about March 5, 2024, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), a sum of money equal to $3,267,811.39 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged (the "Money Judgment");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $3,267,811.39 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendants Ali Cheema, Irfan Bajwa, Shouket Chudhary and Khizar Hayat (the "Co-defendants") to the extent forfeiture money judgments are entered against the Co-Defendants in this case;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence;

WHEREAS, the Government has identified the following asset as a substitute asset of the Defendant:

    a. 3216 107th Street, East Elmhurst, New York, which is more particularly described as Lot Number: 48, Block: 1701, Section: 1002

(the "Substitute Asset");

WHEREAS, the Substitute Asset is owned by the Defendant and USA CW, LLC;

WHEREAS, Defendant is the sole member of USA CW, LLC;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Substitute Asset to the Government;

WHEREAS, as the sole member of USA CW, LLC, the Defendant consents to the forfeiture of all right, title and interest of USA CW, LLC in the Substitute Asset to the Government;

WHEREAS, the Defendant agrees to make a payment to the United States in the amount of $2,147,334.06 on or before sentencing (the "Payment");

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Substitute Asset to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Timothy V. Capozzi, of counsel, and the Defendant and his counsel, Joseph Corozzo, Esq., that:

1. As a result of the offense charged in Count One of the Indictment to which the Defendant pled guilty, a money judgment in the amount of $3,267,811.39 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendants, to the extent forfeiture money judgments are entered against the Co-Defendants in this case, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Substitute Asset is

hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment is final as to the Defendant, LIAQUAT CHEEMA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. The Defendant shall make the Payment on or before his sentencing.

5. Upon entry of this Consent Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment, all right, title and interest of USA CW, LLC is forfeited to the Government.

6. Upon the entry of a Final Order of Forfeiture as to the Substitute Assets and the receipt of the Payment, the Government shall deem the Money Judgment fully satisfied.

7. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

8. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

9. Upon entry of this Consent Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Substitute Asset and to hold such property in its secure custody and control.

10. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Substitute Asset must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

11. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Substitute Asset, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

12. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

13. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. The Substitute Assets forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment

14. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

15. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

16. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Substitute Asset/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

17. The signature page of this Consent Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____     9/15/25
Timothy V. Capozzi                   DATE
Assistant United States Attorney
26 Federal Plaza, 38th Floor
New York, NY 10007
(212) 637-2404

LIAQUAT CHEEMA

By: _____     9-12-25
LIAQUAT CHEEMA                       DATE

USA CW, LLC

By: _____     9-12-25
Liaquat Cheema                       DATE
Sole Member

By: _____     9-12-25
Joesph Corozzo, Esq.                 DATE
Attorney for Defendant
260 Madison Avenue, Flr. 22
New York, NY 10016

SO ORDERED:

_____         9-16-25
HONORABLE LORNA G. SCHOFIELD         DATE
UNITED STATES DISTRICT JUDGE