UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
                                                           :

UNITED STATES OF AMERICA          :     **FINAL ORDER OF**

                                           :     **FORFEITURE**

           -v.-                               :

                                           :     22 Cr. 615 (LGS)

LIAQUAT CHEEMA                   :

                                           :

          Defendant.                 :

                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

WHEREAS, on or about September 16, 2025, this Court entered a Consent Preliminary Order of Forfeiture as to Substitute Asset/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 215), with respect to LIAQUAT CHEEMA (the "Defendant"), forfeiting to the United States all right, title and interest of the Defendant in the following property:

    a.  3216 107th Street, East Elmhurst, New York, which is more particularly described as Lot Number: 48, Block: 1701, Section: 1002;

(the "Substitute Asset");

WHEREAS, following the entry of the Preliminary Order of Forfeiture, the Government learned that the Substitute Asset is more particularly described as the following:

32-16 107th Street, East Elmhurst, New York (23-LAB-000021), which is more particularly described as Lot Number: 48, Block: 1701, Section: 1002, with the full legal description:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in at the Second Ward of the Borough of Queens, State of New York and being Lot 354 in Block 9 on Map No. 1 of 1068 Lots belonging to Edmund L. Baylies, Esq., which said map was filed in the Office of the Clerk of the County of Queens, May 1983 as Map No. 1168.

BEGINNING at a point on the westerly side of 107th Street, distant 140 feet southerly from a point formed by the intersection of the westerly side of 107th Street with the southerly side of 32nd Avenue;

RUNNING THENCE westerly and parallel with the southerly side of 32nd Avenue, 95 feet;

THENCE southerly and parallel with the westerly side of 107th Street, 20 feet;

THENCE easterly and again parallel with the southerly side of 32nd Avenue, 95 feet;

THENCE northerly and along the westerly side of 107th Street, 20 feet to the point or place of BEGINNING;

(the "Forfeited Asset");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Forfeited Asset, and the requirement that any person asserting a legal interest in the Forfeited Asset must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Forfeited Asset and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Forfeited Asset before the United States can have clear title to the Forfeited Asset;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Forfeited Asset was posted on an official government internet site (www.forfeiture.gov) beginning on September 25, 2025, for thirty (30) consecutive days, through October 24, 2025,

pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on January 30, 2026 (D.E. 227);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Forfeited Asset have been filed;

WHEREAS, as set forth in the Preliminary Order of Forfeiture, the Defendant and USA CW, LLC are the titled owners of the Forfeited Asset;

WHEREAS, the Defendant is the sole member of USA CW, LLC;

WHEREAS, the Defendant and USA CW, LLC are the only individuals and/or entities known by the Government to have a potential interest in the Forfeited Asset; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      All right, title and interest in the Forfeited Asset, including the interest of USA CW, LLC, is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.      Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Forfeited Asset.

3.      The United States Marshals Service (or its designee) shall take possession of the Forfeited Asset and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

The Clerk of the Court is directed to terminate the motion at docket number 228.

SO ORDERED:

Dated: February 4, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**